**STOCKED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------

ELAINE WANG,                                  :
                                              :
            Plaintiff,                        :     Civil Action No. _____
                                              :
v.                                            :     **COMPLAINT FOR VIOLATIONS OF**
                                              :     **SECTIONS 14(a) AND 20(a) OF THE**
WPX ENERGY, INC., KIMBERLY S.                 :     **SECURITIES EXCHANGE ACT OF**
LUBEL, JOHN A. CARRIG, KELT                   :     **1934**
KINDICK, ROBERT K. HERDMAN,                   :
VALERIE M. WILLIAMS, KARL F. KURZ,            :     **JURY TRIAL DEMANDED**
RICHARD E. MUNCRIEF, CLAY M.                  :
GASPAR, D. MARTIN PHILLIPS, and               :
DOUGLAS E. SWANSON, JR.                       :
                                              :
            Defendants.                       :
---------------------------------------------------------

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon

information and belief, including investigation of counsel and review of publicly-available

information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal

knowledge:

1.      This is an action brought by Plaintiff against WPX Energy, Inc., ("WPX Energy or

the "Company") and the members of WPX Energy's board of directors (the "Board" or the

"Individual Defendants" and collectively with the Company, the "Defendants") for their violations

of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15

U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in

connection with the proposed merger between WPX Energy and Devon Corporation and its

affiliates ("Devon").

2.      Defendants have violated the above-referenced sections of the Exchange Act by

causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on November 5, 2020 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Registration Statement recommends that the Company's stockholders vote in favor of a proposed transaction whereby East Merger Sub, Inc., a wholly-owned subsidiary of Devon, will merge with and into WPX Energy, with WPX Energy surviving as a wholly-owned subsidiary of Devon (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each WPX Energy stockholder will receive 0.5165 Devon shares (the "Merger Consideration").

3.     As discussed below, Defendants have asked WPX Energy's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Citigroup Global Markets Inc. ("Citi"), in support of its fairness opinion.

4.     It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to WPX Energy's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because WPX Energy is incorporated in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of WPX Energy stocks and has held such stocks since prior to the wrongs complained of herein.

10.     Individual Defendant Kimberly S. Lubel has served as a member of the Board since 2011.

11.     Individual Defendant John A. Carrig has served as a member of the Board since 2011.

12.     Individual Defendant Kelt Kindick has served as a member of the Board since 2013.

13.     Individual Defendant Robert K. Herdman has served as a member of the Board since 2011.

14.     Individual Defendant Valerie M. Williams has served as a member of the Board since 2018.

15.     Individual Defendant Karl F. Kurz has served as a member of the Board since 2014.

16.    Individual Defendant Richard E. Muncrief has served as a member of the Board since 2014 and is the Company's Chief Executive Officer and Chairman of the Board.

17.    Individual Defendant Clay M. Gaspar has served as a member of the Board since 2019 and is the Company's President and Chief Operating Officer..

18.    Individual Defendant D. Martin Phillips has served as a member of the Board since 2020.

19.    Individual Defendant Douglas E. Swanson, Jr. has served as a member of the Board since 2020.

20.    Defendant WPX Energy a Delaware corporation and maintains its principal offices at 3500 One Williams Center, Tulsa, Oklahoma 74172.  The Company's stock trades on the New York Stock Exchange under the symbol "WPX."

21.    The defendants identified in paragraphs 10-19 are collectively referred to as the "Individual Defendants" or the "Board."

22.    The defendants identified in paragraphs 10-20 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.**    **The Proposed Transaction**

23.    WPX Energy, an independent oil and natural gas exploration and production company, engages in the exploitation and development of unconventional properties in the United States.  It produces oil, natural gas, and natural gas liquids.  The Company operates 688 wells and owns interests in 787 wells covering an area of approximately 122,000 net acres located in Delaware Basin, Texas, and New Mexico; and operates 404 wells and owns interests in 104 wells that covers an area of approximately 87,000 net acres situated in the Williston Basin, North Dakota.

As of December 31, 2019, it had proved reserves of 528 million barrels of oil equivalent.  The Company was founded in 1983 and is headquartered in Tulsa, Oklahoma.

24.     On September 28, 2020, the Company and Devon jointly announced the Proposed Transaction:

> OKLAHOMA CITY and TULSA, Okla., Sept. 28, 2020 (GLOBE NEWSWIRE) -- Devon Energy ("Devon") (NYSE: DVN) and WPX Energy ("WPX") (NYSE: WPX) today announced they have entered into an agreement to combine in an all-stock merger of equals transaction. The strategic combination will create a leading unconventional oil producer in the U.S., with an asset base underpinned by a premium acreage position in the economic core of the Delaware Basin. The combined company, which will be named Devon Energy, will benefit from enhanced scale, improved margins, higher free cash flow and the financial strength to accelerate the return of cash to shareholders through an industry-first "fixed plus variable" dividend strategy.
>
> **TRANSACTION DETAILS**
> Under the terms of the agreement, WPX shareholders will receive a fixed exchange ratio of 0.5165 shares of Devon common stock for each share of WPX common stock owned. The exchange ratio, together with closing prices for Devon and WPX on Sept. 25, 2020, results in an enterprise value for the combined entity of approximately $12 billion. Upon completion of the transaction, Devon shareholders will own approximately 57 percent of the combined company and WPX shareholders will own approximately 43 percent of the combined company on a fully diluted basis.
>
> The transaction, which is expected to close in the first quarter of 2021, has been unanimously approved by the boards of directors of both companies. Funds managed by EnCap Investments L.P. own approximately 27 percent of the outstanding shares of WPX and have entered into a support agreement to vote in favor of the transaction. The closing of the transaction is subject to customary closing conditions, including approvals by Devon and WPX shareholders.
>
> **CEO COMMENTARY**
> "This merger is a transformational event for Devon and WPX as we unite our complementary assets, operating capabilities and proven management teams to maximize our business in today's environment, while positioning our combined company to create

value for years to come," said Dave Hager, Devon's president and CEO. "Bringing together our asset bases will drive immediate synergies and enable the combined company to accelerate free cash flow growth and return of capital to shareholders. In addition to highly complementary assets, Devon and WPX have similar values, and a disciplined returns-oriented focus, reinforcing our belief that this is an ideal business combination."

"This merger-of-equals strengthens our confidence that we will achieve all of our five-year targets outlined in late 2019," said Rick Muncrief, WPX's chairman and CEO. "The combined company will be one of the largest unconventional energy producers in the U.S. and with our enhanced scale and strong financial position, we can now accomplish these objectives for shareholders more quickly and efficiently. We will create value for shareholders of both companies through the disciplined management of our combined assets and an unwavering focus on profitable, per-share growth."

### STRATEGIC RATIONALE

- **Accelerates cash-return business model** – The merger accelerates Devon's transition to a business model that prioritizes free cash flow generation over production growth. With this highly disciplined strategy, management is committed to limiting reinvestment rates to approximately 70 to 80 percent of operating cash flow and restricting production growth to 5 percent or less annually. Free cash flow will be deployed toward higher dividends, debt reduction and opportunistic share repurchases.

- **Immediately accretive to financial metrics** – The transaction is expected to be immediately accretive to all relevant per-share metrics in the first year, including: earnings, cash flow, free cash flow, and net asset value, as well as accretive to return on invested capital. The combination is also expected to enhance the company's credit profile and decrease its overall cost of capital.

- 

- **Maintains strong balance sheet and liquidity** – The all-stock transaction ensures the combined company will retain a strong balance sheet with a pro forma net debt-to-EBITDAX ratio of 1.6x on a trailing 12-month basis and is targeting a leverage ratio of approximately 1.0x over the longer term. The combined company will also have excellent liquidity with approximately $1.7 billion of cash on hand and $3 billion of undrawn capacity on its credit facility expected at closing.

- **Increases scale and diversification** – The transaction creates one of the largest unconventional oil producers in the U.S. with

6

production of 277,000 barrels per day. The combined company will benefit from a premier multi-basin portfolio, headlined by the world-class acreage position in the Delaware Basin that is 400,000 net acres and accounts for nearly 60 percent of the combined company's total oil production. The Delaware Basin acreage is geographically diversified between southeast New Mexico and Texas, with only 35 percent of the leasehold on federal land. The consolidated Delaware footprint provides a multi-decade inventory of high-return opportunities at combined activity levels of 17 drilling rigs. The balance of the portfolio will be diversified across high-margin, high-return resource plays in the Anadarko Basin, Williston Basin, Eagle Ford Shale and Powder River Basin.

- **Drives significant cost synergies** – Cost savings from initiatives underway in the second half of 2020 and synergies resulting from the merger are expected to drive $575 million in annual cash flow improvements by year-end 2021. These cost improvements are expected to be attained through operational efficiencies, general and administrative savings and reduced financing expense. The net present value of these cost synergies over the next 5 years equates to more than $2 billion of value. The all-stock transaction structure allows shareholders of both Devon and WPX to benefit from the cost synergies and significant upside potential of the combined company.

- **Supports implementation of a "fixed plus variable" dividend strategy** – With the business scaled to consistently generate free cash flow, Devon is initiating a new dividend strategy that pays a fixed dividend and evaluates a variable distribution on a quarterly basis. The fixed dividend is paid quarterly at a rate of $0.11 per share and the target payout is approximately 10 percent of operating cash flow. In addition to the fixed quarterly dividend, up to 50 percent of the remaining free cash flow on a quarterly basis will be distributed to shareholders through a variable distribution. This enhanced dividend strategy is effective immediately upon close of                                        the                                        transaction.

- **Shared commitment to ESG excellence** – Both Devon and WPX share an uncompromising commitment to ESG leadership, employee safety and environmental responsibility. Consistent with this commitment, the combined company will pursue measurable ESG targets, including methane intensity reduction, and will have progressive actions and practices in place to advance inclusion and diversity. Further, ESG metrics will be incorporated into the compensation structure and the board will monitor ESG goals and

results.

- **Combines complementary cultures** – Devon and WPX share similar values and this combination is designed to optimize the strengths of both companies' operating philosophies to drive the continued growth and success of the business.

**LEADERSHIP AND HEADQUARTERS**

Following the merger, the board of directors will consist of 12 members, 7 directors from Devon and 5 from WPX including the lead independent director. Dave Hager will be appointed executive chairman of the board, and Rick Muncrief will be named president and CEO. The combined company's executive team will include Jeff Ritenour as executive vice president and chief financial officer, Clay Gaspar as executive vice president and chief operating officer, David Harris as executive vice president and chief corporate development officer, Dennis Cameron as executive vice president and general counsel, and Tana Cashion as senior vice president of human resources. The combined company will be headquartered in Oklahoma City.

**PRELIMINARY PRO FORMA 2021 OUTLOOK**

Detailed forward-looking guidance for the full-year 2021 will be provided upon closing of the transaction. Based on current supply and demand dynamics, product inventory levels, and other leading economic indicators, the company expects to design capital activity plans to maintain base production.

The maintenance capital requirements to keep oil production flat in 2021 versus 2020 fourth-quarter exit rates of greater than 280,000 barrels per day is estimated at approximately $1.7 billion. Pro forma for cost synergies, these maintenance capital requirements in 2021 are estimated to be funded at $33 WTI and $2.75 Henry Hub pricing.

**ADVISORS**

J.P. Morgan Securities LLC is serving as financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal advisor to Devon. Citi is serving as financial advisor and Kirkland & Ellis LLP is serving as legal advisor to WPX. Vinson & Elkins LLP is serving as legal advisor to EnCap Investments L.P.

\* \* \*

25.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that WPX Energy's stockholders are provided with the material information that has

been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.    The Materially Incomplete and Misleading Registration Statement**

26.    On November 5, 2020, WPX Energy and Devon jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.   The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

27.    The Registration Statement fails to provide material information concerning financial projections by management and relied upon by Citi in its analysis.  The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.  The Registration Statement indicates that in connection with the rendering of its fairness opinion, management of WPX and Devon prepared certain non-public financial forecasts (the "Company Projections" and "Devon Projections") and provided them to the Board and Citi with forming a view about the stand-alone and pro forma valuations. Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that managements provided to the Board and Citi.  Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with

their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig*., 924 A.2d 171, 201-203 (Del. Ch. 2007).

28.     For the Company Projections and the Devon Projections prepared by WPX and Devon management, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metric for fiscal years 2020 through 2025: Adjusted EBITDA, but fails to provide line items used to calculate the metric or a reconciliation of the non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G and consequently Section 14(a).

29.     When a company discloses non-GAAP financial measures in a registration statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

30.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other

non-discretionary expenditures that are not deducted from the measure.

31.     Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metric included in the Registration Statement not misleading.

32.     The Registration Statement also fails to disclose WPX's and Devon's projected unlevered, after-tax free cash flows as used in Citi's *Discounted Cash Flow Analyses* on pages 83-85.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

33.     With respect to Citi's *Selected Companies Analyses* for WPX and Devon, the Registration Statement fails to disclose: (i) the individual multiples and financial metrics for the companies observed by Citi in the analyses; and (ii) the inputs and assumptions for selecting the 2021 and 2022 estimated CFPS multiples.

34.     With respect to Citi's *Discounted Cash Flow Analysis* for WPX, the Registration Statement fails to disclose: (i) the Company's projected unlevered free cash flows for fiscal years 2021 through 2025 and all line items used to calculate the figures; (ii) the Company's net operating loss carryforwards expected by WPX's management during the forecast period; (iii) the Company's terminal values; (iv) the Company's estimated cash taxes; and (v) the inputs and assumptions underlying the discount rates ranging from 7.7% to 8.5%;

35.     With respect to Citi's *Discounted Cash Flow Analysis* for Devon, the Registration Statement fails to disclose: (i) Devon's projected unlevered free cash flows for fiscal years 2021 through 2025 and all line items used to calculate the figures; (ii) the Company's net operating loss

carryforwards expected by WPX's management during the forecast period; (iii) the Company's terminal values; (iv) the Company's estimated cash taxes; and (v) the inputs and assumptions underlying the discount rates ranging from 7.8% to 8.8%.

36.     With respect to Citi's *Net Asset Value Analysis* for WPX, the Registration Statement fails to disclose: (i) the after-tax net present values; (ii) the unlevered, after-tax free cash flows that WPX was forecasted to generate from WPX's proved developed producing reserves and currently undeveloped resources; (iii) the projected midstream distributions of Catalyst Midstream Partners LLC to WPX during the fiscal years ending December 31, 2021 through December 31, 2025, utilizing for the terminal value a terminal adjusted EBITDA multiple of 4.1x; (iv) WPX's estimated non-drilling and completion capital expenditures, corporate expenses and net hedge and other gains and losses; and (v) WPX's estimated net debt as of December 31, 2020.

37.     With respect to Citi's *Net Asset Value Analysis* for Devon, the Registration Statement fails to disclose: (i) the after-tax net present values; (ii) the unlevered, after-tax free cash flows that Devon was forecasted to generate from Devon's proved developed producing reserves and currently undeveloped resources; (iii) Devon's estimated non-drilling and completion capital expenditures, corporate expenses and net hedge and other gains and losses; and (v) estimated net debt as of December 31, 2020.

38.     With respect to Citi's past and present engagements with the Company and Devon, the Registration Statement fails to disclose the timing and nature of the services performed and the amount of compensation Citi received or will receive for providing such services.

39.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the special stockholder

meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

40.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

42.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

43.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were

therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

44.    Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.   The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.   Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.   Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

45.    The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## **COUNT II**

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47.    The Individual Defendants acted as controlling persons of WPX Energy within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of WPX Energy, and participation in and/or awareness of the Company's operations

and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of WPX Energy, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of WPX Energy, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

50.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 6, 2020

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
_____

**OF COUNSEL:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*